# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ROBERT L. TATUM,**

       Petitioner,

  -vs-

**MICHAEL MEISNER, Warden,
Columbia Correctional Institution,**

       Respondent.

Case No. 13-C-1348

## DECISION AND ORDER

After a jury trial, Robert L. Tatum was found guilty of two counts of first-degree intentional homicide and sentenced to life in prison without the possibility of parole. Tatum now petitions for relief under 28 U.S.C. § 2254.

A writ of habeas corpus will not issue unless the state-court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "resulted in a decision that was based on an unreasonable determination of the facts" in light of the evidence before the state court. § 2254(d)(1)-(2). The standard set forth in § 2254(d)(1) "is a strict one." *Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013). "[A]n *unreasonable* application of federal law is different from an

*incorrect* application of federal law." *Williams v. Taylor*, 529 U.S. 362, 410 (2000) (emphasis in original). Tatum must show that the state court's ruling "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 786-87 (2011). Under § 2254(d)(2), a decision "involves an unreasonable determination of the facts if it rests upon fact-finding that ignores the clear and convincing weight of the evidence." *Goudy v. Basinger*, 604 F.3d 394, 399-400 (7th Cir. 2010). The Court presumes that the state courts' factual determinations are correct unless rebutted by clear and convincing evidence. § 2254(e)(1).

First, Tatum complains that the trial court denied his constitutional right to self-representation. As the court of appeals explained, Tatum "fails to recognize the difference between the trial court's determination that Tatum was competent to stand trial, but not able to represent himself." ECF No. 15-2, at 7, *State of Wisconsin v. Tatum*, No. 2011AP2439-CR (Wis. Ct. App. Jan. 29, 2013). In Wisconsin, "there is a higher standard for determining whether a defendant is competent to represent oneself than for determining whether a defendant is competent to stand trial." *State v. Klessig*, 564 N.W. 2d 716 (Wis. 1997). Here, the trial court determined that

Tatum "did not demonstrate an understanding as to the implications of self-representation." ECF No. 15-2, at 7. Such an approach, according to the Seventh Circuit, does not violate clearly established federal law as declared by the Supreme Court. *Brooks v. McCaughtry*, 380 F.3d 1009, 1012-13 (7th Cir. 2004) ("Because being competent to stand trial and having waived the right to counsel do not require the same information, and because the former competence does not imply an effective waiver in all cases, we do not think that Wisconsin's approach violates the rule of *Godinez* [*v. Moran*, 509 U.S. 389 (1993)]").

Second, Tatum argues that he was denied his right to a speedy trial, but as the court of appeals observed, Tatum "[did] not argue a violation of his constitutional rights, . . . ." ECF No. 15-2, at 8. Instead, Tatum focused his argument on Wis. Stat. § 971.10. Such a claim is not cognizable in federal habeas corpus. *Lechner v. Frank*, 341 F.3d 635, 642 (7th Cir. 2003). Even if Tatum had asserted a constitutional claim, it likely would have failed because much of the delay was caused by Tatum's own intransigence—e.g., firing multiple attorneys, and the need for a competency examination. *United States v. White*, 443 F.3d 582, 589 (7th Cir. 2006) (courts examine "whether the government or the criminal defendant is more to blame for [the] delay").

Third, Tatum argues that his trial counsel rendered ineffective assistance. Tatum failed to raise this claim in state court. *Perruquet v. Briley*, 390 F.3d 505, 514 (7th Cir. 2004) (discussing related doctrines of exhaustion and procedural default). Tatum's claims about his attorney's performance lack merit in any event. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State"). The same can be said for Tatum's final claim, that he was denied his constitutional right to an impartial decision-maker: Tatum failed to exhaust the claim, resulting in a likely procedural default, and it is frivolous even if it were necessary to consider it. The Court agrees with the following characterization in the respondent's answer: "[Tatum's] argument can be summarized as follows: 'because the state courts ruled against me, it follows that they were constitutionally unfair and biased against me.'"

In connection with this Order, the Court must determine whether to issue or deny a certificate of appealability. Rule 11(a), Rules Governing Section 2254 Cases. Tatum failed to make a "substantial showing" that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are

adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

1. Tatum's emergency motion for a hearing [ECF No. 14] is **DENIED**;

2. Tatum's motion for judgment on the pleadings [ECF No. 18] is **DENIED**;

3. Tatum's motion for sanctions [ECF No. 22] is **DENIED**;

4. Tatum's motion to appoint counsel [ECF No. 24] is **DENIED**; and

5. Tatum's petition for a writ of habeas corpus is **DENIED**. The Court will not issue a certificate of appealability. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 24th day of September, 2014.

**BY THE COURT:**

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**