UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROBERT L. TATUM,

        Petitioner,

v.

BRIAN FOSTER,

        Respondent.

Case No. 13-cv-1348-pp

**ORDER DENYING PETITIONER'S SECOND MOTION FOR RECONSIDERATION (DKT. NO. 51), AND ORDERING CLERK TO SUBSTITUTE NAME OF RESPONDENT**

At the time he filed an appeal from this court's dismissal of his *habeas* petition, the petitioner was in the Wisconsin Secure Detention Facility at Boscobel, Wisconsin. Dkt. No. 28. On February 23, 2016, the court received a motion from the warden of the WSDF, Gary Boughton, asking permission under Fed. R. App. P. 23(a) to transfer the petitioner to the Waupun Correctional Institution in Waupun, Wisconsin. Dkt. No. 41. The court granted that motion via text-only order on March 2, 2016. About six months later, however, the petitioner filed a declaration, stating that he believed the warden of Waupun intended to transfer him again, and that he objected to that transfer. Dkt. no. 42. He filed a motion, asking the court to impose sanctions on the Waupun staff for what he anticipated would be a transfer in violation of Rule 23, and for allegedly obstructing his legal mail. Dkt. No. 42. The court denied that motion. Dkt. No. 44. A short time later, the warden of Waupun *did*

1

properly file a motion under Rule 23, asking to transfer the petitioner to Green Bay Correctional Institution. Dkt. No. 45. That motion complied with the rule, and the court granted it. Dkt. No. 47.

The petitioner persists in arguing that the court erred in approving his transfers to Waupun and GBCI, and continuing to argue that the court should have ordered an investigation into his allegations that the staff at Waupun tampered with his mail. See dkt. no. 46 (first motion for reconsideration); dkt. no. 51 (second motion for reconsideration).

In support of this second motion for reconsideration, the petitioner cites 18 U.S.C. §4 and Fed. R. Civ. Proc. 54(b) and 60(b). Dkt. No. 51 at 1. Section 4 of Title 18, (misprision of felony), does not provide for reconsideration of prior court orders; it is a substantive criminal statute. Therefore, it provides no basis for this court to reconsider its prior orders. Rule 54(b) is not an appropriate vehicle for the petitioner's motion to reconsider; that rule instructs courts on how to issues judgment involving multiple claims or multiple defendants. The only rule the petitioner cites which allows courts to reconsider orders or decisions is under Rule 60(b).

Rule 60(b)(3) permits a court to relieve a party from an order if the order resulted from fraud, misrepresentation, or misconduct by an opposing party. Rule 60(b)(6) allows a party to move for reconsideration based on "any other reason that justifies relief." Relief under Rule 60(b), however, "is an extraordinary remedy and is granted only in exceptional circumstances." Eskridge v. Cook Cnty., 577 F.3d 806, 809 (7th Cir. 2009) (quoting McCormick

v. City of Chicago, 230 F.3d 319, 327 (7th Cir. 2000)). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments . . . ." Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996). The district court has discretion regarding whether to grant a motion under Rule 60(b). Id., at 1270.

This second motion for reconsideration does not present any information that the petitioner did not present in his original motion to reconsider (or in his motion for sanctions). He continues to argue that the warden of Waupun had no reason to transfer him, and that the Waupun staff interfered with his legal mail. The court already has addressed these issues in its order denying the motion for sanctions, dkt. no. 44, and in its order denying the petitioner's last motion for reconsideration, dkt. no. 48. The court will deny this second motion for reconsideration; the court will not respond to any additional motions for reconsideration.

The court notes that the petitioner now is housed at the Green Bay Correctional Institution. Dkt. Nos. 52, 53. The warden of GBCI is Scott Eckstein; the court will instruct the clerk of court to amend the caption of this case accordingly.

In December 2016 and January 2017, the petitioner filed two notices of change of address. Dkt. Nos. 52, 53. In the notice the clerk's office received on January 5, 2017, the petitioner asked for an "updated recent year copy of the Eastern District of WI local rules in its entirety." Dkt. No. 53. The local rules are fifty pages long, not including the appendix, and many of the rules relate to

federal criminal cases and other kinds of cases that are not relevant to the petitioner's *habaeas* case. Further, the petitioner's case is on *appeal* to the Seventh Circuit; it is not "pending" in the district court. The court will not send the petitioner an entire copy of the 2010 Local Rules.

The court **DENIES** the petitioner's motion for reconsideration. Dkt. No. 51.

The court **ORDERS** the clerk of court to amend the caption of the case, to substitute Warden Scott Eckstein of Green Bay Correctional Institution as the appropriate respondent.

Dated in Milwaukee, Wisconsin this 23rd day of January, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge