# United States District Court for the Eastern District of WI

Robert L. Tatum, Petitioner,

-v.-     Case no. 13-C-1348

Scott Eckstein, Respondent.

- Motion for Tatum's Release By Issuance of Habeas Corpus Writ -
- (Unconditional) Upon Expiration of 90-Day Limit For Retrial -

Pursuant to Rule 7, F.R.Civ.P. (Dkt #57) - Mandate from 7th Circuit to issue Habeas Corpus Writ if the State didn't re-try Tatum within 90 days, and that time limit expiring, Tatum hereby moves for issuance of the Writ & his immediate release from Eckstein's / WI-DOC's custody.

Pursuant to 28 USC 1746, I, Robert L. Tatum, verifies hereby that the factual allegations following, and the documents attached hereto, are true & correct to what they are purported to be to my best personal knowledge & belief, under penalty of perjury:

1. I am the petitioner - pro se in the above captioned action, current incarcerated in Eckstein's / WI-DOC's custody in Green Bay Correctional Institution, 2833 Riverside Drive, Green Bay WI 54307-9033.

2. On 1-31-17, the 7th Circuit COA granted me Habeas Corpus relief [mandate issued on 3-9-17], ordering this Court to issue the Writ, requiring my release from custody unconditionally, if the State didn't re-try me within 90 days. (see Dkt #57)

3. On 5-22-17, the 7th Circuit COA stayed the mandate to allow the State to petition for Certiorari review of the Dkt #57 decision; However, I challenged the stay for review, claiming the petition was frivolous & not likely to be reviewed, as the Dkt #57 decision was properly founded on SCOTUS's clear case precedent. Challenge wasn't successful, and the stay resulted in the tolling of the 90 day time limit [FN1](to exclude arguably from 5-22-17 until SCOTUS decision) after 75 days had elapsed) [3-9-17 to 5-22-17], leaving 15 days until the 90-day limit expired. (see Dkt #58) [Note: Dkt #58 stay was designated to automatically terminate upon SCOTUS decision denying review.]

4. On 5-30-17, Eckstein (allegedly) filed a Certiorari petition, [FN2] but in Eckstein's motions / responses filed there was no SCOTUS case number (with / attached to an affidavit or declaration) to verify filing as admissible proof; However, on 10-16-17, SCOTUS clerk S. Harris issued me a letter indicating SCOTUS denied Eckstein's petition. (see Exhibit #1 - case no. 16-1424, Foster v. Tatum, Ltr from S. Harris explaining Eckstein's petition was denied)

5. The tolling stopped on 10-16-17 then, and the remaining 15 days expired today, 10-30-17, warranting this Court to issue the Habeas Corpus Writ.

There are several grounds justifying the issuance of the Writ immediately upon this motion / request:

6. Under normal rules & precedent related to determining when time limits start & are violated, the 90-day limit started on 1-31-17 and expired prior to the 5-22-17 stay of the mandate / case. The most synonymous situation to the 90-day limit to re-try Tatum / me in this case is the limit established related to the Speedy Trial Act, and under the Act the time limit in a re-trial scenario is triggered by the final order of the appellate court reversing conviction. see U.S. v. Pansier, 576 F3d 726, 732-33 (7th Cir. 2009) Likewise, the 1-31-17 final order was the starting point of the 90 day period to re-try Tatum / me, which expired then on 5-1-17.

7. Even if the starting point of the 90-day retrial period is considered 3-9-17 [issuance of the 7th Circuit mandate] the limit was violated, as none of the time after 5-22-17 should be tolled due to no admissible proof of Certiorari petition filing was submitted by Eckstein / the State to support the granted stay. [FN2] It is error for a court to rely on unverified information to justify stay continuances of time limits, e.g. U.S.

Additionally, due to 'finality of judgment' principles recall of a mandate is 'abuse of discretion' unless recall is for extraordinary circumstances, see Calderon v. Thompson, 523 US 538, 558 (1998), and is esp. not warranted in Habeas cases in that court rules [Rule(s) 23 (c-d), F.R.A.P.; SCOTUS Rule 36.3(b), 36.4] require any order that grants Habeas relief to continue while the decision is being/pending review in a COA or SCOTUS. The SCOTUS petition not only had no proof of its filing submitted by Eckstein for the Court to properly rely on to justify any exclusion of time from being calculated into the 90-day limit, no 'extraordinary circumstance' was presented to justify stay/continuance; Court rules anticipate appeal and specifically require the release terms (ie. the 90-day time limit) continue pending review in Habeas cases, and moreover Eckstein's appeal is obviously a frivolous 'dilatory tactic' -- The 7th Circuit decision was clearly supported by the undisputed facts and several SCOTUS authority cases, and Eckstein had to know it had an agenda to appeal once the 1-31-17 decision was entered, but waited until days prior to the 90-day limit expired [after expiration counting from 1-31-17], 107 days after decision, to seek a stay. The government has an affirmative duty to ensure speedy trial + explain delays, or the government-caused delays may be considered dilatory tactic weighted against it. US v. Jackson, 542 F2d 403, 407 (7th Cir. 1976); U.S. v. Ingram, 446 F3d 1332, 1337 (11th Cir. 2006), see also Barker v. Wingo, 407 US 514, 531 (1972) (noting that "deliberate attempt to delay trial in order to hamper the defense should be weighted heavily against the government"). The State/Eckstein cannot justify this delay, & considering (to-be-mentioned) facts in their entirety, this was delay to get a "free" continuance knowing the petition was frivolous; It was also to hamper the defense, as facts will show. All in all, despite the stay NONE of the time between 5-22-17 and 10-16-17 should be tolled, and Habeas Corpus Writ should issue based on violation of the 90-day limit. [AND NOTE: No express Order stating the 90-day limit stopped, etc. was ever issued]

8. The State/Eckstein is using the added time of incarceration to commit purposeful misconduct intended to hamper Tatum's/my ability to defend in the retrial, warranting immediate grant of Habeas Corpus Writ:
a. Eckstein has confiscated case-related legal papers/evidence illegally, see Tatum v. Clarke, #11-CV-1131, E.D. of WI, Dkt #424;
b. Had me placed in segregated housing, punitive confinement, when I haven't violated rules; A supervisor, Lt. Cushing FORGED MY SIGNATURE ON THE NOTICE OF RIGHTS/RECIEPT OF THE CONDUCT WRITE-UP so I can't see the charges (I still haven't seen charges + have been in seg. since 10-16-17) + defend myself; It's clear from the evidence the supervisor forged my signature; a STATE CRIME, 946.12(4) Stats; the handwriting on the DOC-71 [CR #2992996], + even the pen grade, for my alleged signature + Lt. Cushing is EXACTLY the same, see also the dates, then see my actual signatures on the provided DOC-73 (10-26-17 dated), DOC-71 (7-27-17); DOC-71 (9-14-17). Exhibit #2 - 4 pgs, DOC forms. The handwriting + pen grade is different from the CR# 2992996 DOC-71, and note that the pen grade on my real signature is different than ALL the staff's signatures, because in seg. we're issued seg. pens -- So it's actually not even possible for me to have signed the [CR# 2992996] DOC-71 issued by Lt. Cushing. This is because it's easier to block my communications, thereby preventing my consultation with lawyers to assist my legal pursuits (give me advices, etc.), while I'm in seg. This misconduct is allowed + encouraged by Eckstein despite reports, see Dkt 424, 11-CV-1131.
c. Eckstein also refuses to transfer me out of DOC custody to a pretrial facility as required; Despite me providing a copy of the 7th Circuit's decision on 1-31-17 granting Habeas relief, Eckstein produced an ICES Report #GBCI-2017-23940, stating that the Records Supervisor researched + found that the 7th Circuit COA hasn't issued any decision, and unless the DOC recieves official notice from the courts I won't be released or transferred to a jail facility, see Exhibit #3 - ICE Report #GBCI-2017-23940 with 7th Cir. decision excerpt (pg iv, 22a, 23a)
d. Eckstein has even been forcing me to accept an illegal + deficient diet, staff stating I CANT REFUSE IT, as harassment/torture, designed to ~~break me mentally~~ affecting thereby my pro se defense. See Exhibit 4 - Diet Scheme [VOI] + Docs

The state's/Eckstein's delays with attempt/intent to hamper my trial defense should therefore be heavily weighted against the government, as the facts prove is the case. Barker v. Wingo, 407 US at 531.

9. Due process considerations, requiring equity + fairness, warrant issuance of the Habeas Corpus Writ. The time limitation rules themselves don't solely determine whether delays warrant relief; The Due Process Clause has a "role to play in protecting against oppressive delay", U.S. v. Lovasco, 431 US 783, 789 (1977). Considering the totality of facts, esp. #8, the delay Tatum/I am experiencing is severely oppressive, + all-the-more so if it's factored that the delay was intentionally elongated for the purpose of causing oppression + torture, physically + mentally, in addition to legally (in that legal evidence + assistance is being denied and/or deprived). Eckstein is intentionally injecting himself into Tatum/my proceedings as an obstructionist to Constitutional rights - Placing "snitch" inmates in my areas, even giving them my mail (which had to be admitted) by DOC/Eckstein. See Tatum v. Meisner, #14-3343, 7th Cir. COA, Request for Investigation, Dkt. 21). This situation warrants relief under equitable + fairness considerations; Under the Due Process Clause, the State's delay + oppressive conduct related to it should be remedied by immediate issuance of the Writ of Habeas Corpus in this case.

WHEREFORE, Tatum respectfully requests Order, issuing Writ of Habeas Corpus, immediately requiring his release from custody, + declaratory ruling relative declaring tolling principles, etc. regarding the facts + arguments.

Dated this 30th day of October, 2017.   Signed: R.T.

Robert Tatum
GBCI PO Box 19033
Green Bay WI 54307-9033

[FN1] For all intents + purposes of calculating the 90-day deadline, a stay of a proceeding -wherein a court temporarily loses authority to take action/proceed in a case-- has the exact same effect on the time limit as a granted continuance, i.e. tolling of the time limit relative to that case; See for example cases wherein a time limit is applicable due to the Speedy Trial Act + the original indictment is dismissed (resulting in temporary loss of court authority, the same as a stay of proceedings results in) then the same charges are issued on re-indictment, the period between the dismissal + reindictment is tolled, not calculated into the time limit. e.g. U.S. v. Menzer, 29 F3d 1223, 1227 (7th Cir. 1994). U.S. v. Osteen, 254 F3d 521, 525 (4th Cir. 2001). As such, tolling principles apply to the 90-day deadline + the stay granted (+ ended), nothing changed in this case before + after the stay, same as indictment dismiss then re-indictment on the same charges.
[FN2] See Dkt #61 - Eckstein's Response to Dkt #60 Req. for Issuance of Habeas Writ.