UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROBERT L. TATUM,

        Petitioner,

v.                                               Case No. 13-cv-1348-pp

WARDEN SCOTT ECKSTEIN,

        Respondent.

---

**ORDER DENYING PETITIONER'S MOTION FOR ORDER TO ISSUE RULING ON JURISDICTION (DKT. NO. 65), DENYING PETITIONER'S MOTION FOR ORDER FOR RELEASE (DKT. NO. 66), AND ORDERING CLERK'S OFFICE TO CLOSE CASE**

---

**I.    Introduction**

In March of this year, the Seventh Circuit Court of Appeals reversed and remanded this court's order denying the petitioner's request for a writ of *habeas corpus*. Dkt. No. 57. The appellate court ordered this court to issue the writ if, within ninety days of its decision, the state did not take steps to retry the petitioner. Id. Seventy-four days later, the Seventh Circuit recalled the mandate, and stayed the case pending the United States Supreme Court's disposition of the respondent's petition for writ of *certiorari*. Dkt. No. 58. The United States Supreme Court recently denied the petition for writ of *certiorari*, and the Seventh Circuit has re-issued its mandate. Dkt. No. 67.

Meanwhile, the petitioner has filed two motions—a motion asking this court to make a ruling on jurisdiction, dkt. no. 65, and a motion for an order

1

releasing him, dkt. no. 66. Because the case has returned to this court, the court will rule on—and deny—both of those motions.

## II. Procedural History

On September 24, 2014, Judge Rudolph T. Randa issued an order denying the petitioner's motion for writ of *habeas corpus* and declining to issue a certificate of appealability. Dkt. No. 25. Judgment entered that same day (dkt. no. 26), and the petitioner filed a timely notice of appeal. Dkt. No. 28. Almost two and a half years later, the Seventh Circuit Court of Appeals decided that the Wisconsin courts unreasonably applied Faretta v. California, 422 U.S. 806 (1975) when they refused to allow the petitioner to represent himself. The Seventh Circuit reversed Judge Randa's decision, and remanded to this court with directions that, unless the respondent initiated steps to give the petitioner a new trial within ninety days of issuance of the mandate, this court must issue the writ of *habeas corpus*,. Tatum v. Foster, 847 F.3d 459, 469 (7th Cir. 2017). The mandate issued on March 9, 2017. Dkt. No. 57.

The respondent, however, decided to petition the United States Supreme Court for *certiorari*, and in May of 2017, he filed a motion to recall the mandate and to stay the mandate pending *certiorari* review in the United States Supreme Court. The respondent indicated that he intended to file a petition for writ of *certiorari*, and that the state "fully intend[ed] to retry Mr. Tatum for double homicide if the Supreme Court denies *certiorari*." Tatum v. Foster, Appeal No. 14-3443, Dkt. No. 86 at 2. The Seventh Circuit granted that motion, and recalled and stayed the mandate pending the final disposition of the petition

before the Supreme Court. The order expressly stated that the stay would remain in place pending the Supreme Court's decision. Id. at Dkt. No. 87.

A short time later, the petitioner asked the Seventh Circuit to release him pending that review. Dkt. No. 60. The Seventh Circuit denied that request in an order that included the following language:

> This court has stayed its mandate, and the ninety-day period during which the state must initiate steps to retry or release the appellant has not expired. Nor has the time under the Speedy Trial Act begun to run, as the appellant argues. Even though we have ordered the appellant released if the state does not initiate steps to give him a new trial within ninety days, there are compelling reasons to deny release pending review of our decision. See Fed. R. App. P. 23(c). The state has represented that it intends to retry the appellant for double homicide if the United States Supreme Court denies *certiorari* or affirms this court's decision after granting *certiorari,* the appellant had been sentenced to life in prison without the possibility of release, and our decision was based on the unreasonable application of *Faretta v. California,* 422 U.S. 806 (1975).

Id. at Dkt. No. 94.

On October 16, 2017, the United States Supreme Court denied the petition for writ of *certiorari.* Id. at Dkt. No. 95. The electronic docket (available on the Seventh Circuit website) indicates that the mandate issued the next day. Id. at Dkt. No. 96. The notice of issuance of mandate, which is on the Seventh Circuit website, states, "Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate." Id. at Dkt. No. 96. The next docket entry on the Seventh Circuit docket states, "FOR COURT USE ONLY: Certified copies of the 01/31/2017 Opinion and Judgment, 3/1/17 Rehearing Denial Order, 5/22/17 Order

3

Recalling and Staying Mandate pending disposition of Writ of Certiorari, 10/16/17 Supreme Court Order Denying Writ of Certiorari with 10/17/17 Mandate sent to the District Court Clerk." https://ecf.ca7.uscourts.gov/cmecf. Through inadvertence or clerical error, though, this court did not receive notice that the mandate had issued, nor did it receive a copy of the mandate. The court did not discover that the mandate had issued until the week of November 13, 2017—that is why it only now is ruling on the petitioner's motions.

Meanwhile, the Milwaukee County Circuit Court docket in the underlying felony case shows that on October 25, 2017, the Milwaukee County Circuit Court clerk's office converted the petitioner's paper case file to an electronic filing case. State v. Tatum, Milwaukee County Case No. 2010CF002660, available at http://wcca.wicourts.gov, Dkt. No. 17. On that same date, the clerk's office scheduled the petitioner for a hearing on November 13, 2017; the docket entry says, "State will produce defendant for the hearing." Id. at Dkt. No. 15. The petitioner clearly was aware that the state had taken steps to get him back into state court, because on November 1, 2017, he filed a motion to audio-record any hearings in the case, id. at dkt. no. 11, and a motion for dismissal based on lack of subject-matter jurisdiction, id. at dkt. no. 10. The state court denied the motion for audio recording on November 3, 2017. Id. at Dkt. No. 8.

On November 13, 2017, the defendant appeared in Milwaukee County Circuit court before Judge Mark Sanders. Id. at Dkt. No. 6. At that hearing, the state-court judge vacated the 2011 judgment of conviction, and addressed the

4

question of bail. The defendant made a Speedy Trial demand, but refused the offer of a public defender to represent him, stating that he wanted to represent himself. Id. The court appointed stand-by counsel, and adjourned the case for motions and for trial; it set a deadline of December 8, 2017 for any party to file motions. Id. The court set bail at $500,000. Id. at Dkt. No. 5. The court also entered on the record the defendant's speedy trial demand. Id. at Dkt. No. 4.

### III.     The Petitioner's Pending Federal Motions

A.  <u>Motion for U.S. District Judge (Pepper) to Issue a Ruling on Jurisdiction (Dkt. No. 65)</u>

A little over two months after the Seventh Circuit recalled the mandate, the petitioner filed a motion asking this court to issue a ruling on jurisdiction. Dkt. No. 65. The petitioner stated that "on information and belief," the respondent had not filed a petition for *certiorari* with the Supreme Court, and he argued that this court had jurisdiction over his case and should issue the writ of *habeas corpus*. Id. at 1. The petitioner asserted that the Supreme Court rules required the respondent to file the *certiorari* petition within ninety days of the Seventh Circuit's final decision, and calculated that this meant that the respondent was required to file the petition by May 30, 2017. He further argued that because the respondent hadn't timely filed a petition with the Supreme Court, the ninety-day clock the Seventh Circuit had set for issuing the writ of *habeas corpus* had started to run again as of May 30, and that because the state hadn't taken steps to retry him by the time that clock expired, this court had jurisdiction (and obligation) to issue the writ of *habeas corpus* and release

5

him immediately. Id. The petitioner made some other allegations, but they are not relevant to the question of whether the respondent timely filed the petition for *certiorari* and whether this court had jurisdiction.

Did the respondent timely file a petition for *certiorari* with the United States Supreme Court? He did. The Seventh Circuit denied the petitioner's petition for rehearing on March 1, 2017. Dkt. No. 57 at 21. Rule 13 of the Rules of the Supreme Court of the United States requires a party to file the petition for *certiorari* within "90 days after entry of judgment." The rule specifies that the "entry of judgment" refers to the date the order sought to be reviewed is entered, not the date of the issuance of the mandate. The petitioner is correct that ninety days from the date the Seventh Circuit denied his petition for rehearing was May 30, 2017.

One may access the United States Supreme Court docket at https://www.supremecourt.gov. This court did so, and entered the petitioner's name. The court found that on May 30, 2017, the Supreme Court docketed a petition for a writ of *certiorari* in Case No. 16-1424, Brian Foster, Petitioner v. Robert L. Tatum. The docket shows, then, that the respondent timely filed a petition for writ of *certiorari*.

The Supreme Court denied the petition on October 16, 2017. Id. The Seventh Circuit re-issued the mandate the next day. Dkt. No. 67. It was only at that time—two and a half months after the petitioner filed his motion asking this court to assume jurisdiction—that jurisdiction returned to this court. At

6

the time the petitioner filed his motion, this court did *not* have jurisdiction, and was not under an obligation to issue a writ of *habeas corpus* releasing him.

The petitioner also correctly notes that when the Seventh Circuit issued the original notice of mandate on March 9, 2017, that triggered the ninety-day period for the state to take steps to retry him. The Seventh Circuit stayed the mandate on May 22, 2017—the petitioner is correct that at that point, seventy-four days had expired on that ninety-day clock.

The Seventh Circuit re-issued the mandate on October 16, 2017. At that point, the ninety-day clock resumed, with sixteen days remaining on it. Sixteen days from October 16, 2017 was November 1, 2017. As the court discussed above, during those sixteen days, the state court converted the case to electronic filing and scheduled a hearing, the state agreed to produce the defendant for that hearing and the defendant filed two motions. Since the ninety-day period set by the Seventh Circuit has expired, the defendant has appeared in court and the court has set a motions deadline and indicted that it will schedule dates for a final pretrial and a trial. The state has "taken steps" to retry the petitioner, and has done so timely. The petitioner's August motion asking the court to assume jurisdiction is without merit, and the court will deny the motion.

    B.    <u>Motion for Tatums Release by Issuance of Habeas Corpus Write (Dkt. No. 66)</u>

On October 31, 2017, after jurisdiction had returned to this court, the petitioner filed a motion asking this court to release him, arguing that more than ninety days had expired since the Seventh Circuit had issued the original

7

mandate. Dkt. No. 66. The petitioner first argued that "[u]nder normal rules + precedent related to determining when time limits start and are violated the 90-day limited started on 1-31-17 and expired prior to the 5-22-17 stay of the mandate + case." Id. at 1. January 31, 2017 is the date on which the Seventh Circuit issued its decision and order reversing and remanding the case to this court. Dkt. No. 57 at 1. In support of his argument that the ninety days started running from the date of the decision and order, and not from the date of the original notice of mandate on March 9, 2017, the petitioner cites United States v. Pansier, 576 F.3d 726, 732-33 (7th Cir. 2009). That case involved the question of how to calculate the *Speedy Trial* clock under 18 U.S.C. §3161(h)(1)(D). The Speedy Trial Act is not relevant to the question of when the ninety-day time limit for the state to retry the defendant began to run; the Seventh Circuit's own order answers that question. The Seventh Circuit's January 31, 2017 decision and order specifically stated that this court was required to issue the writ of *habeas corpus* "unless the state within 90 days of *issuance of this court's mandate* initiates steps to give Tatum a new trial." Dkt. No. 57 at 19 (emphasis added).

    Next, the petitioner argued that even if the ninety-day clock began to run on March 9, 2017 (the date of the notice of issuance of the original mandate), this court should not toll any time after the Seventh Circuit withdrew the mandate on May 22, 2017 because there is "no admissible proof" that the respondent timely filed a petition for *certiorari* with the Supreme Court. Dkt.

8

No. 66 at 1. The court's own review of the Supreme Court's public docket provides proof that the respondent did timely file a petition on May 30, 2017.

The petitioner next argues that the respondent is committing various kinds of misconduct. Dkt. No. 66 at 2-3. Whether the respondent is or is not committing misconduct in the state court case is not relevant to whether this court should issue the *habeas corpus* writ in the federal case.

Finally, the petitioner asserts that the delay he has experienced in being released is a violation of the Due Process clause. Dkt. No. 66 at 3. The petitioner's due process rights have not been violated. The Seventh Circuit issued the original mandate on March 9, 2017, eight months and eleven days ago. For four months and twenty-four days of that time, the respondent was legally pursuing *certiorari* in the Supreme Court. For twenty-six days of that time, the state has been pursuing retrial in Milwaukee County Circuit Court. The respondent has acted promptly and in accordance with the Seventh Circuit's orders, and the petitioner has had an opportunity to request bail in the state court. The court will deny the petitioner's motion for release.

## IV. Conclusion

The court **DENIES** the petitioner's motion for ruling on jurisdiction. Dkt. No. 65. The court **DENIES** the petitioner's motion for release. Dkt. No. 66.

The Milwaukee County Circuit Court docket shows that the state has initiated steps to give the petitioner a new trial. For that reason, the court has no basis for issuing a writ of *habeas corpus*. The court **ORDERS** that the petitioner's petition for writ of *habeas corpus* is **GRANTED** but no writ shall

issue based on the respondent's steps to give the petitioner a new trial consistent with the Seventh Circuit Court of Appeals's mandate. The court further **ORDERS** that this case is **DISMISSED**.

Dated in Milwaukee, Wisconsin this 21st day of November, 2017.

BY THE COURT:

**HON. PAMELA PEPPER**
**United States District Judge**